GRUEN v. TRUSTEES OF PEABODY EDUCATION FUND et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

USE AND OCCUPATION—RENT—COMPLAINT.

A complaint to recover for the use of furniture alleged that defendants took possession of and used it in conducting a hotel; that the furniture belonged to plaintiff, he having purchased it from the general assignee of the owner, with all her interest therein, subject to a mortgage to secure bonds hypothecated for the payment of a note transferred to defendant; that the rent due and bonds belonged to plaintiff; and that defendant wrongfully delivered the furniture to second mortgage bondholders. *Held,* that such complaint failed to state a cause of action, since it did not appear how the alleged original owner or her assignee ever acquired any interest in the property, or that either had any interest during defendant's possession; the statement of plaintiff's ownership being a mere conclusion of law.

Appeal from special term, New York county.

Action by Frank C. Gruen against the Trustees of the Peabody Education Fund, impleaded with J. Pierpont Morgan. From an interlocutory judgment overruling a demurrer to the complaint (60 N. Y. Supp. 896), the trustees appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Edward C. Perkins (Sherman Evarts, on the brief), for appellant.
Edward Schenck, for respondent.

HATCH, J.  So far as may be gathered from the averments of the complaint, plaintiff seeks to recover for the use and occupation or rental value of certain furniture, after making allowance for a sum due upon a certain promissory note, and, in order to determine the amount to which the plaintiff may be entitled, an accounting is asked.  So far as any facts are averred, it appears that the defendant, some time in 1894, brought an action against one Charles A. Gerlach to foreclose a mortgage, a lien upon premises known as the "Gerlach Hotel"; that such action proceeded to a decree of sale, but that no sale under such decree was ever had; that on the 14th day of October, 1894, the defendants were let into possession of the said premises as mortgagees in possession, and remained therein until November 4, 1898; that at the time of the entry the property was being used as a hotel, and was completely furnished for such purpose; that the defendants took possession of such furniture, and used the same in conducting the hotel, until the said 4th day of November, 1898; that said furniture and fixtures are of the value of $62,000, "and belong to and are the property of the plaintiff; that he purchased the same from John W. Rasch, the assignee, under a general assignment of Nettie A. Gerlach, who was the owner thereof, together with all her right and title and interest therein, and also purchased any claim or demands she had in regard thereto."  The complaint then avers that the furniture and fixtures are subject to an equipment mortgage given to secure the payment of certain bonds, which bonds have been hypothecated as collateral security for the payment of a certain promissory note which has been transferred to the defendant, and that upon an accounting between the plaintiff and the defendant it will be found that the use and rental of the furniture is more than sufficient to pay the note; that the equipment bonds belong to the plaintiff; that the furniture and fixtures, on the 4th day of November, 1898, were delivered by the defendants to certain second mortgage bondholders, without right or warrant of law, as plaintiff is advised and believes.  This averment seems to be based upon a letter, written by an attorney to Charles A. Gerlach, stating that the property had been surrendered, and is set out in the complaint, but no connection between the writer and the defendant or the plaintiff is averred or shown.  The complaint further avers that the second mortgage bondholders now hold possession of the furniture, to the plaintiff's damage, and, upon information and belief, that the value of the use of the same is the sum of $9,300.  The demand for judgment is in all essential respects as first stated herein.  The demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

It is quite evident that the demurrer should have been sustained, as the most liberal construction fails to find a cause of action stated in the complaint, either from its averments of fact or from any inference to be drawn from all that is stated therein.  The averment of the fifth paragraph of the complaint, which we have quoted, fails to state any facts showing that Nettie A. Gerlach, or John W. Rasch, as her assignee, ever owned the property or any interest therein at any period of time during which the defendants had pos-

session of the same, and such averment is not aided by any other fact stated in the complaint. The statement that the furniture is the property of the plaintiff is a mere conclusion, and it is not accompanied by any averment showing how or when Nettie A. Gerlach became the owner, or, if she ever was such owner, when she transferred the same to Rasch, or when the plaintiff acquired title from him. It is quite as consistent with the fact that neither Nettie A. Gerlach nor the plaintiff possessed any title to, or interest in, the property during the time of its use and occupation by the defendants as to say that they or either of them did. From all that appears, and assuming that the conclusions aver facts, the ownership of the property in these persons may have been contemporaneous with the commencement of the action. But, if so, it appears that the defendant was not then in the use and occupation of the property, and, as there is no relationship shown to exist between the prior use of the property and the ownership of the plaintiff, there is no cause of action which can be spelled out in favor of the plaintiff and against the defendant for the value of the use, in consequence of which there is neither fact averred nor inference to be drawn which, in any view, supports any cause of action in favor of the plaintiff against the defendant. The rule in favor of infirm pleadings has not yet been carried so far as to hold that a pleading which does not state facts constituting a cause of action, or facts from which an inference of liability may arise, can be supported. The most that can be claimed for Marie v. Garrison, 83 N. Y. 14, relied upon below, is that a pleading whose averments, by reasonable and fair intendment, state traversable facts, from which a cause of action may be inferred, will be sustained, even though such facts are imperfectly or informally alleged. The case is not authority, nor is any other adjudicated case authority, in support of a pleading which contains neither fact nor inference showing a cause of action. When we reach that point in our system, we shall have arrived at a stage where the only essential thing is to commence an action, and all parties defendant thereto must answer.

It is clear, therefore, that the demurrer was improperly overruled. The most that can be said for this complaint is that, if it had shown a property right or interest in the plaintiff during the use of the property by the defendant, it would faintly shadow forth an inference from which an implied promise to pay for the use might be sustained. This, however, is but a shadow, and we do not now commit ourselves to the doctrine that it is sufficient in averment to imply a promise to pay. The pleader must aver facts from which may be derived an express promise to pay, or such facts as will authorize the implication of a promise, before liability will attach. It is not claimed that the complaint is sufficient to establish conversion, and, if it did, the claim would fail. From these views it follows that the demurrer should be sustained, with leave to the plaintiff to plead over.

Interlocutory judgment reversed, and demurrer sustained, with costs, with leave to the plaintiff to serve amended complaint within 20 days, on the payment of costs. All concur.